UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**KIMBERLY STARLING,**

  Plaintiff,

v.                                                **No. 4:24-cv-00917-P**

**MARA DAY SPA LLC,**

  Defendant.

### ORDER

Local Rule 83.10(a) requires the appearance of local counsel where counsel of record for a party does not reside in this district or maintain their principal office in this district. N.D. TEX. R. 83.10(a). "Local counsel" means a member of the bar of this court who resides or maintain their principal office in this district and whose residence or principal office is located within 50 miles of the courthouse in the Fort Worth Division. *Id.*; *see also United States v. Thomas*, No. 4:13-CV-688-A, 2013 WL 11332537, at *1–2 (N.D. Tex. Sept. 5, 2013) (McBryde, J.) (holding that Local Rule 83.10(a) required Austin-based attorney to designate local counsel).

A review of the record reveals that Plaintiff is not in compliance with Local Rule 83.10(a), as Plaintiff's counsel is in Glenside, Pennsylvania.[1]

---

[1] The Fort Worth Division has a long and consistent history of requiring litigants to strictly adhere to the Local Rules. *See, e.g.*, *Six Flags Ent. Corp. v. Travelers Cas. & Sur. Co. of Am.*, No. 4:21-CV-00670-P, 2021 WL 2064903, at *1 (N.D. Tex. May 21, 2021) (Pittman, J.) (dismissing lawsuit without prejudice for failure to comply with Local Rule 83.10(a) requiring local counsel); *United States v. Thomas*, No. 4:13-CV-688-A, 2013 WL 11332537, at *1–2 (N.D. Tex. Sept. 5, 2013) (McBryde, J.) (holding that Local Rule 83.10(a) required Austin-based attorney to designate local counsel); *Robert Cook & Associates, Inc. v. Illinois Nat'l Ins. Co.*, No. 7:09-CV-141-O, 2010 WL 11619707, at *1 n.1 (N.D. Tex. Aug. 19, 2010) (O'Connor, J.) (admonishing defense counsel that "disregard of the Local Rules is burdensome for those required to analyze and adjudicate Defendant's motion" and ordering counsel "to file a statement notifying the Court . . . why they failed to comply with the local rules and whether this failure should result in the forfeiture of their right to practice in the Northern District of Texas"); *Harper v. Am. Airlines, Inc.*, No. 4:09-CV-318-Y, 2009 WL 4858050, at *1–2

Accordingly, no later than **Friday, October 11, 2024**, Plaintiff shall file the entry of appearance of local counsel satisfying the requirements of Local Rule 83.10(a). Failure to do so may result in the imposition of sanctions and/or the dismissal of this case without prejudice and without further notice.

**SO ORDERED** on this **27th day** of **September 2024.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

(N.D. Tex. Dec. 16, 2009) (Means, J.) (denying motion to declare class-certification motion timely because plaintiff failed to comply with Local Rule 23.2 and "once on this Court's docket the case becomes subject to this Court's local rules").