IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| KIMBERLY STARLING, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>MARA DAY SPA LLC, LEDIMARA PINNEY, and GREGORY SMITH<br><br>Defendants. | Case No.  4:24-cv-00917<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Kimberly Starling ("Ms. Starling"), by her undersigned counsel, for this class action complaint against Defendants Mara Day Spa LLC, Ledimara Pinney, and Gregory Smith, as well as their present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, alleges as follows:

## I.  INTRODUCTION

1. <u>Nature of Action</u>: "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019).

2. "[T]he law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). . . . [P]rivate suits can seek either monetary or injunctive relief. [47 U.S.C. § 227(c)(5)]. . . . This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Id*. at 649-50.

3. Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendants for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making telemarketing calls, including text messages, to numbers on the National Do Not Call Registry, including her own.

4. Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed

nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendants.

## II.  PARTIES

5. Plaintiff Starling is an individual who resides in Texas.

6. Defendant Mara Day Spa LLC is an administratively dissolved Texas-based spa with its principal place of business in Dallas County, Texas.

7. Defendant Ledimara Pinney is the owner of Mara Day Spa LLC, and upon information and belief is the subscriber of record for the telephone number associated with the calls Plaintiff received.

8. Defendant Gregory Smith is the husband of Ledimara Pinney and is responsible for Mara Day Spa's legal affairs and TCPA compliance.

## III.  JURISDICTION AND VENUE

9. <u>Jurisdiction.</u> This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

10. <u>Personal Jurisdiction</u>: This Court has personal jurisdiction over Defendants. The Court has general personal jurisdiction because Mara's headquarters and principal place of business is in Texas. The Court has general personal jurisdiction over Pinney and Smith because they are residents of the State of Texas.

11. <u>Venue</u>: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendants are residents of Texas in Dallas, which lies within this District.

## IV. FACTS

### A. The Enactment of the TCPA and its Regulations

12. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

13. Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

14. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

15. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

16. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

### B. Unsolicited Telemarketing to Plaintiff

17. Plaintiff Starling is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

18. Plaintiff Starling's telephone number, (817) XXX-XXXX, is a telephone number that is used for residential purposes.

19. Plaintiff Starling uses the telephone number for her own personal, residential, and household needs and reasons.

20. The number is a residential telephone line because it is assigned to a telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

21. Plaintiff Starling's number has been on the National Do Not Call Registry for years since she registered it there well over a year prior to receiving the calls at issue.

22. Despite that, Ms. Starling received at least 3 telemarketing text messages from the same telephone number 214-396-3081. Screenshots of these messages appear below:





23. Upon information and belief, Defendant Pinney registered the 214-396-3081 number for her company and is listed as the point of contact for this telephone number in the telephone company's records.

6

24. Public records reflect that she did so with OpenMarket Inc., an Infobip company, that provides cloud-based bulk texting services for marketing.

25. In an effort to ascertain why the Plaintiff received these illegal text messages without her consent, the Plaintiff sent investigative correspondence to Mara.

26. In response, Mara's owner's husband and Defendant, Greg Smith, called the Plaintiff with a vulgar call and said, "I'll tell you what, why don't you take your threat and stick it up your dirty little p****, b****?" and told the Plaintiff to "go f*** off."

27. Defendant Pinney personally registered, programmed, and directed payment for the pre-programmed texting platform, OpenMarket, to send the messages complained of herein. Upon information and belief, the telephone number from which the illegal prerecorded calls originated was registered in her own name as the point of contact for the corporation.

28. Upon information and belief, Defendant Pinney personally directly or directed to be drafted, uploaded, and programmed the use of the messages and lead list to the telephone system, which included the Plaintiff's number.

29. Upon information and belief, Defendant Simth personally oversaw Mara's compliance, regulatory, and TCPA compliance, which included personally and vulgarly responding to the Plaintiff's complaint regarding the messages sent to Plaintiff's number.

30. Defendants Pinney and Smith may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads, inter alia: "[T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as of that person*." 47 U.S.C. § 217 (emphasis added).

31. Pinney and Smith personally directed the TCPA-violative conduct at issue because they personally programmed or directed the programming of and, upon information and belief, drafted and sent, or directed the sending of, the messages from the system which sent the messages which violated the TCPA. In the case of Pinney, she personally attempted to sell the services being advertised, personally registered, and programmed or oversaw the programming of the requisite systems required to make the calls. In the case of Smith, he personally oversaw the TCPA compliance efforts, including the marketing strategy and response to complaints regarding illegal telemarketing conduct by calling the Plaintiff in a vulgar manner in response to her inquiry as to why she was receiving illegal telemarketing calls.

32. Upon information and belief, Defendants Pinney and Smith jointly were also the individuals responsible for drafting, setting, implementing, and controlling Mara's marketing strategy, including the use of illegal text messages and the scripting for such messages.

33. The foregoing facts demonstrate that Pinney and Smith had direct, personal knowledge of and participation in the conduct and course of conduct complained of which violated the TCPA.

34. Because they were sent to encourage the purchase of spa services, the text messages were telemarketing.

35. Under the TCPA, as confirmed by the Supreme Court, text messages are "calls" for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016).

36. A reasonable seller would investigate into the reasons why they would be sending calls and messages to numbers on the National Do Not Call Registry, and not threaten the Plaintiff by telling the Plaintiff to "go f*** off" and to stick the Plaintiff's investigative correspondence up her p****.

37. Plaintiff's privacy has been violated by the above-described telemarketing calls/text messages.

38. Plaintiff never provided her consent or requested these messages.

39. In fact, the Plaintiff never did any business whatsoever with any of the Defendants.

40. The aforementioned messages that were sent to the Plaintiff were unwanted.

41. The messages were non-consensual encounters.

42. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendants because their privacy has been violated and they were annoyed and harassed. In addition, the messages occupied their telephone storage space, rendering them unavailable for legitimate communication and other legitimate uses, including while driving, working, and performing other critical household tasks for which storage is required.

## V.   CLASS ACTION ALLEGATIONS

43. <u>Class Definition</u>. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of the Class (the "Class") defined as follows:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing text message or call from or on behalf of a Mara entity, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial

44. Excluded from the Class are counsel, Defendants, any entities in which Defendants have a controlling interest, Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

45. The Class, as defined above, are identifiable through telephone records and telephone number databases.

46. The potential members of the Class likely number at least in the hundreds because of the *en masse* nature of telemarketing calls.

47. Individual joinder of these persons is impracticable.

48. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

49. Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class as she has no interests that conflict with any of the class members.

50. Plaintiff and all members of the Class have been harmed by the acts of Defendants, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

51. This class action complaint seeks injunctive relief and money damages.

52. There are numerous questions of law and fact common to Plaintiff's and members of the Class. These common questions of law and fact include, but are not limited to, the following:

    a. Whether Defendants systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

    b. whether Defendants made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls;

    c. the personal liability of the individual Defendants under the TCPA; and

    d. whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

53. Plaintiff's claims are typical of the claims of the Class, as they arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

54. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class, she will fairly and adequately protect the interests of the Class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

55. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents.

56. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendants to comply with the TCPA. The interests of individual members of the Class in individually controlling the prosecution of separate claims against Defendants is small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

57. Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

58. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

59. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiffs and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

60. Defendants' violations were negligent, willful, or knowing.

61. As a result of Defendants', and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

62. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls to

telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. An order enjoining Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance;

E. An award to Plaintiff and the Class of damages, as allowed by law; and

F. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## VI.   DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this November 8, 2024.

> */s/ Andrew Roman Perrong*
> Andrew Roman Perrong, Esq.
> Perrong Law LLC
> 2657 Mount Carmel Avenue
> Glenside, Pennsylvania 19038
> Phone: 215-225-5529 (CALL-LAW)
> Facsimile: 888-329-0305
> a@perronglaw.com
>
> *Attorney for Plaintiff and the Proposed Class*

13