IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| KIMBERLY STARLING, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARA DAY SPA LLC, LEDIMARA PINNEY, and GREGORY SMITH<br><br>Defendants. | Case No.<br>**4:24-CV-00917-P**<br><br>**JURY TRIAL DEMANDED** |

**MOTION AND BRIEF IN SUPPORT OF MOTION
TO COMPEL DEFENDANTS LEDIMARA PINNEY
AND GREGORY SMITH TO CONDUCT RULE 26(f) CONFERENCE
AND FOR SANCTIONS**

Defendants Ledimara Pinney and Gregory Smith, who are proceeding *pro se* in their defense of this action, have refused to communicate with counsel for Plaintiff about this matter, including regarding scheduling a 26(f) conference, and appear to have blocked counsel for Plaintiff's telephone number. For the reasons that follow, the Court should order Defendants Pinney and Smith to appear for a Rule 26(f) conference and sanction Defendants under its inherent authority as warranted if they continue in their obstinacy. Plaintiff's counsel also seeks sanctions, pursuant to Rule 37(a)(5)(A), for attorneys' fees incurred in bringing this motion.

**BACKGROUND**

As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone

1

Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020). "In the context of the TCPA, the class action device likely is the optimal means of forcing corporations to internalize the social costs of their actions." *Bee, Denning, Inc. v. Capital Alliance Grp.*, 310 F.R.D. 614, 630 (S.D. Cal. 2015) (certifying two Classes under the TCPA).

In this lawsuit, Ms. Starling has alleged that Defendants sent multiple text messages to her cell phone in violation of the TCPA. Defendant Mara Day Spa LLC is in default, its default having been entered because it did not file an answer, through counsel, in the time allotted by the Court. Defendants Ledimara Pinney and Gregory Smith are proceeding in their defense of this action *pro se*. However, as will be explained below, pursuit of this action *pro se* provides no justification for refusing to conduct a Rule 26(f) conference, conduct discovery in this action, and certainly provides no justification for failing to respond to Plaintiff's counsel for almost two weeks and appearing to *block Plaintiff's counsel from contacting them*.

## **STANDARD**

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The Federal Rules of Civil Procedure require that the parties, before conducting discovery, engage in a conference under FED. R. CIV. P. 26(f). "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" and that Rule provides that "the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." The Rules also require the parties to exchange initial disclosures shortly thereafter. Further, Rule 37(a)(5)(A) provides that a Court *must* order the

2

payment of the moving party's attorneys' fees unless the failure to participate in discovery was substantially justified or the moving party failed in good faith to seek the discovery without court action.

## ARGUMENT

### 1. There is No Justification for Refusing to Communicate With Plaintiff's Counsel and Refusing To Conduct a 26(f) Conference.

Defendants Pinney and Smith have filed their answer in this Action. As such, the normal course of the proceedings dictates that the parties are to meet and confer under Rule 26(f) and commence discovery at the earliest practicable opportunity.

In an effort to do so, Plaintiff sent three emails to the Defendants attempting to schedule a time to conduct the conference: on January 5, 2025, January 8, 2025, and January 23, 2025. Plaintiff also attempted to call the telephone numbers listed on the Defendants' answer to the complaint on January 13, 2023 and left a message on both such numbers. On January, 23, 2025, Plaintiff's counsel, Andrew Perrong, called Ms. Pinney's number twice, both such times the call went to voicemail, and the Plaintiff left a message. On the same day, Mr. Perrong called Mr. Smith's number three times, and each time received a message that the number was disconnected or no longer in service.[1] The January 23, 2025 email to Defendants addressed these facts, but the Plaintiff received no further response. As such, the Plaintiff has been forced to file this motion.

"Neither Rule 26 nor this Court's local rules allow a party to refuse to participate in a Rule 26(f) conference," let alone under circumstances here, where the Defendants have answered the Complaint but are refusing multiple further attempts at contacct. *Escareno ex rel. A.E. v.*

---

[1] A review of the logs from Plaintiff's Counsel's telephone system indicates that, in each such instance, the call was dispositioned as SIP 404 Not Found, which indicates either that a number has been de-registered from the telephone network (i.e. disconnected), or is refusing to respond to a telephone call from a particular telephone number so as to "pretend" as if it is disconnected (i.e. blocked).

*Lundbeck, LLC*, No. 3:14-CV-257-B, 2014 WL 1976867, at *1 (N.D. Tex. May 15, 2014) (granting motion to compel Rule 26(f) conference). Counsel for Plaintiff has been unable to readily locate a case that presents as egregious circumstances as here, where Defendants have refused to confer with Plaintiff's counsel about a date for such conference or any potential objection to having it. Moreover, Defendants appear to be engaging in efforts aimed entirely in an effort to avoid doing so.

> Refusal to communicate with counsel is *unacceptable*, as a sister court has noted:
>
> Plaintiff's counsel is advised, however, that failure to respond to opposing counsel's attempts to resolve discovery disputes is unacceptable. Furthermore, failure to submit any response to the Court, particularly to a motion to compel that alleges no responses have been provided, is likewise unacceptable. Counsel is advised that a ruling on any renewed and proper motion to compel on these same grounds will include an order for sanctions and/or attorney's fees and costs, personal to counsel, in accordance with Rule 37.
>
> *Goins v. Illinois Nat'l Ins. Co.*, No. CV 18-302-SDD-RLB, 2018 WL 3186960, at *3

(M.D. La. June 28, 2018).

Moreover, the Court should sanction Defendants for their conduct under Rule 37. If there was any case that warranted such sanctions, it is this one, where Defendants have refused to confer and appear to have outright blocked attempts made by Plaintiff's Counsel to contact them. Rule 37 is clear in its mandate that the Court *must* sanction a party who fails to make initial disclosures or "to provide or permit discovery, including an order under Rule 26(f)." FED. R. CIV. P. 37(a)(1), (b)(2)(A). Failures to do either mandate an award of attorneys' fees to the moving party. FED. R. CIV. P. 37(a)(5)(A), (b)(2)(C). And "If a party or its attorney fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f), the court may, after giving an opportunity to be heard, require that party or attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure." FED. R. CIV. P. 37(f).

Here, Plaintiff's Counsel, as demonstrated through the attached Declaration, spent three and one half hours researching, drafting, and filing the instant motion. At Mr. Perrong's hourly rate of $385 per hour, the Court should sanction the Defendants $1,347.50, jointly and severally, for their failure to confer with Plaintiff's Counsel or conduct a 26(f) conference.

Courts have not hesitated to award similar sanctions on circumstances far less egregious than here. For instance, in *Donovan v. Dunn-George*, No. 1:23-CV-0109-KAC-SKL, 2023 WL 11762873, at *2 (E.D. Tenn. Sept. 14, 2023), counsel was required to *personally* pay a sanction where the parties met and conferred but delayed five days in responding to requests to schedule a 26(f) conference. And in *Panyanouvong v. Aphay*, No. 2:14-CV-00275 RSM, 2014 WL 2986507, at *7 (W.D. Wash. July 1, 2014), the Court found that sanctions were appropriate where, after the parties conducted their 26(f) conference, the Defendants went radio silent, "have received no response and Defendants have failed to abide by any of these Court-ordered deadlines." So too in *Plastic Ominum Auto Inergy Indus. SA de VC v. McC Dev., Inc.*, No. 21-11141, 2022 WL 16052540, at *1 (E.D. Mich. Jan. 5, 2022) (sanctioning party for failure to promptly conduct Rule 26(f) conference when discovery was not stayed) and *Turner v. Copart, Inc.*, No. CV 3:16-3312-JFA-PJG, 2017 WL 11504215, at *1 (D.S.C. July 7, 2017), objections overruled, No. CV 3:16-3312-JFA-PJG, 2017 WL 11504216 (D.S.C. July 27, 2017) (same).

## CONCLUSION

For the reasons stated herein, the Plaintiff's motion to compel a Rule 26(f) conference should be granted and Defendants sanctioned and ordered to pay Plaintiff's attorneys fees in bringing this Motion.

RESPECTFULLY SUBMITTED AND DATED this January 25, 2025.

        */s/ Andrew Roman Perrong*
        Andrew Roman Perrong, Esq.
        Perrong Law LLC
        2657 Mount Carmel Avenue
        Glenside, Pennsylvania 19038
        Phone: 215-225-5529 (CALL-LAW)
        Facsimile: 888-329-0305
        a@perronglaw.com

*Attorney for Plaintiff and the Proposed Class*

## CERTIFICATE OF CONFERENCE

I hereby certify that I attempted to confer with Defendants Ledimara Pinney and Gregory Smith, as outlined in this Motion, including three emails and telephone calls on two different dates, and received no response. Accordingly, this motion is opposed and the Defendants have failed to confer on the relief requested herein.

        */s/ Andrew Roman Perrong*
        Andrew Roman Perrong, Esq.

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

I further certify that I mailed a copy of the foregoing to:

Mara Day Spa LLC
2222 McKinney Ave Unit 120
Dallas, TX 75201
Tracking Number: [to be provided]

and

6

Ledimara Pinney
and Gregory Smith
6311 Turner Way
Dallas, TX 75230-1838
Tracking Number: [to be provided]


Dated: January 25, 2025

                                                                                    */s/ Andrew Roman Perrong*
                                                                                   Andrew Roman Perrong, Esq.
                                                                                  Perrong Law LLC
                                                                                  2657 Mount Carmel Avenue
                                                                                  Glenside, Pennsylvania 19038
                                                                                  Phone: 215-225-5529 (CALL-LAW)
                                                                                  Facsimile: 888-329-0305
                                                                                  a@perronglaw.com