IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| KIMBERLY STARLING, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>MARA DAY SPA LLC, LEDIMARA PINNEY, and GREGORY SMITH<br><br>Defendants. | Case No.<br>**4:24-cv-00917-P**<br><br>**JURY TRIAL DEMANDED** |

## MOTION AND BRIEF IN SUPPORT OF MOTION

## TO DISMISS WITHOUT PREJUDICE

Plaintiff respectfully requests leave of Court to dismiss this action, as to all Defendants, without prejudice, pursuant to Rule 41(a)(2):

In sum, Defendants, and each of them, have totally failed to cooperate in discovery or are in default, necessitating the entry of several Court orders pertaining thereto, and have provided no indication that, going forward, they will participate in this matter in good faith. Defendant Mara Day Spa LLC is in default. And, with respect to Ledimara Pinney and Gregory Smith, these defendants have failed to have a 26(f) conference with Plaintiff's counsel. The Plaintiff has been unable to propound any discovery, and therefore the parties did not conduct any discovery as between themselves, as outlined in the Plaintiff's Motion for Sanctions. (ECF No. 18). As such, the formal discovery process did not open with respect to Mr. Smith or Ms. Pinney. Although the Plaintiff can voluntarily dismiss her case as against Mara Day Spa without prejudice, she cannot because Mr. Smith and Ms. Pinney have filed answers. FED. R. CIV. P. 41(a)(1)(A)(i). And neither Mr. Smith nor Ms. Pinney will stipulate to dismiss this action

because they are ignoring Plaintiff's counsel. Accordingly, Plaintiff seeks a court order to dismiss this matter as provided by Rule 41(a)(2).

Here, dismissal is proper, on terms the Court should consider proper under the text of the Rule, because this matter is still in its early stages and it is evident that none of the Defendants intend to participate. As such, the only remaining option is for counsel for Plaintiff to pursue an individual default judgment over relatively minimal individual statutory damages, all at considerable expenses incurred thus far and which will soon be incurred, including the need for potential travel for counsel from Pennsylvania on February 7. Simply put, this case has no realistic way forward as against an obstinate corporate Defendant and two individual Defendants who appear to simply have abandoned this matter. And though there may be a path to an individual default judgment here, obtaining such judgment will likely result in the incurring of additional costs and resources which are far beyond which the case is worth.

Ordinarily, a motion for voluntary dismissal "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). This District has considered parallel circumstances as here of a dismissal without prejudice as proper when a party has failed to participate in the case. *See, e.g.*, *Shine TV Ltd. v. MasterChef LLC*, No. 3:24-CV-963-B-BN, 2024 WL 4710820, at *1 (N.D. Tex. Oct. 29, 2024), report and recommendation adopted, No. 3:24-CV-963-B-BN, 2024 WL 5240159 (N.D. Tex. Dec. 27, 2024) (dismissing case under Rule 41(a)(2) where defendant failed to obey court instruction to obtain counsel). And here there are no considerations of prejudice to the Defendants, such as a late stage of proceedings or a pending counterclaim. Such prejudice exists "when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or

may on refiling deprive the defendant of a limitations defense." *Jordan Indus., LLC v. Travelers Indem. Co. of Am.*, No. 7:21-CV-00114-O, 2022 WL 2719630, at *3 (N.D. Tex. Apr. 12, 2022).

Moreover, this Motion should not be construed as an attempt to evade the Court's hearing currently scheduled for February 7 ordering Plaintiff's counsel to show cause for why they should not be held in contempt for violating the Court's order directing all counsel to attend on February 4, which Andrew Perrong, counsel of record for Plaintiff, and Sharon Campbell, local counsel for Plaintiff, both plan to attend. Counsel for Plaintiff, Andrew Perrong, had construed the Court's January 31 order to require the Plaintiff *herself* to appear *with counsel*, and not so strictly or literally to also require the appearance of *local* counsel. Plaintiff had also construed the notice to require the corporate Defendant, Mara Day Spa, to secure counsel and appear with counsel, together with the *pro se* individual Defendants. As counsel for Plaintiff will explain at any hearing, such erroneous reading of the order was a *bona fide* error and not done in bad faith, as evidenced through Mr. Perrong's flying from Pennsylvania to Texas to attend. Counsel for the Plaintiff should have sought to clarify the order's text and purpose and commits to doing so in the future, so as to secure the just, speedy, and efficient determination of the dispute. FED. R. CIV. P. 1.

In sum, for the aforementioned reasons, the Plaintiff requests, pursuant to Rule 41(a)(2), to dismiss this action as against all Defendants without prejudice. Judicial economy, efficiency, and the practicalities of this case dictate that this case should not be maintained for the aforementioned reasons. Plaintiff will respect any order the Court issues disposing of the pending Sanctions hearing on February 7.

RESPECTFULLY SUBMITTED AND DATED this February 4, 2025.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong (N.D. Tex. # 333687)

Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff and the Class*

## CERTIFICATE OF CONFERENCE

I hereby certify that I attempted to confer with Defendants Ledimara Pinney and Gregory Smith via two telephone calls on February 4th, which were unanswered. Accordingly, this motion is opposed and the Defendants have failed to confer on the relief requested herein.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

I further certify that I mailed a copy of the foregoing to:

Mara Day Spa LLC
2222 McKinney Ave Unit 120
Dallas, TX 75201
Tracking Number: [to be provided]

and

Ledimara Pinney
and Gregory Smith
6311 Turner Way
Dallas, TX 75230-1838
Tracking Number: [to be provided]

Dated: February 4, 2025

                                              */s/ Andrew Roman Perrong*
                                              Andrew Roman Perrong, Esq.
                                              Perrong Law LLC
                                              2657 Mount Carmel Avenue
                                              Glenside, Pennsylvania 19038
                                              Phone: 215-225-5529 (CALL-LAW)
                                              Facsimile: 888-329-0305
                                              a@perronglaw.com